IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff**, v. JOEL SOLA-CORDOVA, **Defendant**. | **CRIMINAL NO.** 10-363 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is defendant's motion to dismiss, (Docket No. 27), in which he argues that, considering the evidence provided by the government, it will be unable to prove Count II of the indictment. (Docket No. 27 at 4-5.) Count II charges a violation of 18 U.S.C. § 1028A, specifically that "defendant . . . , did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person," characterized as a "Triple-S member name," in relation to Count I, which charges a felony health care fraud violation. (Docket No. 2.) The government filed an opposition to defendant's motion, rebutting defendant's claims about the character of the evidence in this case and arguing that "[m]atters of conflict of facts or issues of credibility are

Criminal No. 10-363 (FAB)                                              2

to be solved at trial before a jury and not through a pre-trial motion." (Docket No. 30.)

Defendant rests his motion on the proposition that "Rule 12(b) of the [Federal Rules of Criminal Procedure] permits the filing of motions to dismiss prior to trial when there are factual issues capable of resolution as a matter of law." (See Docket No. 27.) Rule 12(b) does not expressly provide such a mechanism, but rather states that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed.R.Crim.P. 12(b)(2). A defense, objection, or request may be determined without a trial of the general issue where "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." See United States v. Covington, 395 U.S. 57, 60 (1969).

Although some courts have interpreted Rule 12(b) to allow a court to "'dismiss charges at the pretrial stage'" based on the evidence rather than the indictment's allegations, the same courts have held that such action is only appropriate in the rare context "'where the operative facts are undisputed and the government fails to object . . . .'" See, e.g., United States v. Todd, 446 F.3d 1062, 1068 (10th Cir. 2006) (quoting United States v. Hall, 20 F.3d

Criminal No. 10-363 (FAB)                                                    3

1084, 1087 (10th Cir. 1994).  Furthermore, "[d]ismissals under this exception are not made on account of lack of evidence to support the government's case, but because undisputed evidence shows that, as a matter of law, the Defendant could not have committed the offense for which he was indicted."  See, e.g., id.

Defendant relies primarily on United States v. Mitchell, 518 F.3d 230, 235-36 (4th Cir. 2008), a Fourth Circuit Court of Appeals decision interpreting the statutory definition of the phrase "means of identification."  Mitchell held that "a bare name **may** not be sufficiently unique-indeed, it is not likely to be sufficiently unique-to identify a specific person [for the purposes of 18 U.S.C. § 1028A]."  518 F.3d at 235 (emphasis added).  The court found that "[t]he definition's overriding requirement is that a means of identification, that is, an identifier or identifiers-must be sufficient to 'identify a specific individual.'"  Id. at 234. Mitchell distinguished between unique identifiers, such as a social security number, and non-unique identifiers, such as names, which may belong to more than one person.  Id.  Even non-unique identifiers may be sufficient as a means of identification, however, when "coupled with other information to identify a specific individual."  Id.

Criminal No. 10-363 (FAB)                                              4

Defendant argues that the evidence indicates that the information he initially possessed was only the "Triple-S member name." (Docket No. 27 at 3.) Based on that interpretation of the evidence, he claims that the ruling in Mitchell mandates dismissal of Count II of the indictment. See id. The specific findings in Mitchell, however, are couched in the particular factual background of that case. See Mitchell, 518 F.3d at 234-36. The generally applicable holding that may be gleaned from Mitchell is not that a name alone is **never** sufficient to identify a specific individual, but rather that it is **not likely** to do so. See id. Considering that defendant's argument hinges solely on that principle, the evidentiary background he summarizes is hardly of the "undisputed" nature that could allow the Court to dispose of a count of the indictment prior to trial as a matter of law. See Todd, 446 F.3d at 1068. This is especially so where the government has objected and cited to other information which specifically identifies the alleged victim of the crime. (See Docket No. 30.)

Having examined defendant's arguments, the legal authority he cites, and the government's opposition, it appears that defendant's motion is based on weaknesses he perceives in the government's ability to prove a key factual issue related to Count II, rather than any undisputed law or fact which demonstrates that the

government cannot possibly carry its burden with regard to that charge. (See Docket No. 27.) "As a general rule, when a pretrial motion raises a question of fact that is intertwined with the issues on the merits, resolution of the question of fact thus raised must be deferred until trial." United States v. Russell, 919 F.2d 795, 797 (1st Cir. 1990). As discussed above, defendant has not articulated a proper basis to deviate from that rule. Accordingly, his motion to dismiss Count II, (Docket No. 27), is **DENIED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 10, 2011.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
United States District Judge